UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANITRA O. GILMORE | * | CIVIL ACTION |
| VERSUS | * | NO. 24-1438 |
| MICHAEL KERNAN | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Anitra O. Gilmore's Motion to Appoint Counsel, asserting that she is on worker's compensation benefits and lacks the "financial means to pay for an attorney." ECF No. 14.

Having considered the record, the submission, and the applicable law, Plaintiff's Motion to Appoint Counsel is DENIED WITHOUT PREJUDICE for the reasons stated herein.

### I. BACKGROUND

On May 24, 2024, Plaintiff filed a petition for a temporary restraining order under Louisiana's Protection from Stalking Act (LA. REV. STAT. §§ 46:2171-2174) in state court against her former supervisor, United States Postal Service ("USPS") Postmaster Michael Kernan. ECF No. 2-1; *see* ECF No. 7-4 ¶¶ 2-3. She alleges Postmaster Kernan, among other things, was an "[u]ninvited presence at [her] workplace," which caused her to "feel alarmed or to suffer emotional distress." ECF No. 2-1 at 2; *see also* ECF Nos. 2-1 at 4-5 (Plaintiff's handwritten allegations), 7-3 (Government's typed version). The Government removed the case to this court on June 5, 2024, and then filed a Rule 12(b)(1) motion, which is pending. ECF Nos. 2, 7.

## II. APPLICABLE LAW AND ANALYSIS

The appointment of counsel in a civil case is a privilege, not a constitutional right.[1] And the decision whether to appoint counsel rests within the sound discretion of the trial court.[2]

### A. Appointment Under the In Forma Pauperis Statute

Although appointment of counsel is available under the *in forma pauperis* statute,[3] Plaintiff is *not proceeding* in forma pauperis. Thus, despite her alleged inability to afford counsel, the Court lacks authority to appoint counsel pursuant to § 1915(e)(1).[4]

Even if Plaintiff were proceeding *in forma pauperis*, courts should not appoint counsel as a matter of course or ordinary practice.[5] Rather, appointment of counsel pursuant to § 1915(e)(1) requires exceptional circumstances, considering the type and complexity of the case; whether the indigent plaintiff is capable of adequately investigating and presenting the case; whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross-examination, whether appointment of counsel advances the proper administration of justice (i.e., the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination), and the extent of the

---

[1] *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (quoting *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Naranjo v. Thompson*, 809 F.3d 793, 801–02 (5th Cir. 2015).
[2] *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308 (5th Cir. 1977).
[3] 28 U.S.C. § 1915(e)(1).
[4] *See Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) ("Under § 1915, a court may appoint counsel for plaintiffs proceedings *in forma pauperis*, but because Nottingham did not proceed *in forma pauperis*, he is not entitled to counsel under § 1915." (citing *Gonzalez*, 907 F.2d at 580)); *see also O'Grady v. Zurich Holding Co. of Am.*, 12 F. App'x 96, 98 (4th Cir. 2001) (finding the district court did not err in failing to request an attorney represent plaintiff pursuant to § 1915(e)(1) because plaintiff "did not move to proceed in forma pauperis"); *Curbow v. Clintsman*, No. 21-1420, 2022 WL 220532, at *1 (finding plaintiff not entitled to appointment of counsel under § 1915(e)(1) because, among other things, plaintiff "did not move to proceed *in forma pauperis*" and did not show "that he is unable to afford counsel").
[5] *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001); *Naranjo*, 809 F.3d at 799 (quoting *Ulmer*, 691 F.2d at 212).

litigant's attempt to secure private counsel.[6]

### B. <u>Appointment Under Title VII</u>

Liberally construed,[7] Plaintiff's petition appears to assert a Title VII claim as she alleges sex- and race-based discrimination.[8] She also alleges her status as a disabled veteran implicating the Rehabilitation Act, 29 U.S.C. §§ 791, 794, and 794a(a),[9] which "is the exclusive remedy for a federal employee's handicap discrimination claims."[10]

Pursuant to 42 U.S.C. § 2000e–5(f)(1), the Court may appoint counsel for Title VII claims "in such circumstances as the court may deem just," as well as for claims under the Rehabilitation Act.[11] Courts consider: (1) the merits of the claims of discrimination; (2) the efforts taken by plaintiff to obtain counsel; and (3) plaintiff's financial ability to retain counsel.[12] Though no one factor is conclusive,[13] the evaluation of the merits of the claim is most important, considering the unfairness of imposing service upon a member of the bar particularly when there is little chance of success.[14] Further, agency determinations are "highly probative" of the merits of a plaintiff's

---

[6] *Naranjo*, 809 F.3d at 799 (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); and citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)); *Ulmer*, 691 F.2d at 213.
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is "to be liberally construed." (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976))).
[8] ECF Nos. 2-1 at 4-5; 7-3 at 1 (Government's typed version). "All personnel actions affecting employees or applicants for employment . . . in the United States Postal Service . . . shall be made free of any discrimination based on race, color, religion, sex, or national origin." § 2000e-16(a).
[9] ECF Nos. 2-1 at 4; 7-3 at 1 (Government's typed version); *see Brocato v. U.S. Postal Serv.*, No. 12-1402, 2014 WL 2120081, at *4 (E.D. La. May 21, 2014) (Brown, J.).
[10] *Burke v. Frank*, 8 F.3d 21 (5th Cir. 1993) (per curiam) (citing *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. Unit A Nov. 1981)).
[11] *Luevano v. United States*, No. 19-32, 2019 WL 12469792, at *1 (W.D. Tex. Mar. 15, 2019) (citing § 794a(a)(2) (incorporating the . . . "remedies," and "procedures" or "rights" of 42 U.S.C. § 2000e-5)); *accord. Trimble v. La. State Univ. Sys.*, No. 22-351, 2024 WL 478035, at *2 (M.D. La. Feb. 7, 2024). "The remedies, procedures, and rights set forth in . . . 42 U.S.C. 2000e-16, including the application of . . . 42 U.S.C. 2000e-5(f) through (k) . . . , shall be available, with respect to any complaint under section 791 of this title, to any employee . . . aggrieved by the final disposition of such complaint, or by failure to take final action on such complaint." § 794a(a)(1).
[12] *Gonzalez*, 907 F.2d at 580 (citing *Caston*, 556 F.2d at 1309; *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)). These factors are suggestive, not exclusive. *White v. U.S. Pipe & Foundry Co.,* 646 F.2d 203, 205 (5th Cir. Unit B May 1981) (citation omitted).
[13] *Gonzalez*, 907 F.2d at 580.
[14] *Buesgens v. Snow*, 169 F. App'x 869, 871 (5th Cir. 2006).

case and properly considered when assessing a request to appoint counsel.[15]

Appointment is not proper in this case because Plaintiff has not demonstrated her financial inability to retain counsel.[16] Even if she had, she has likewise provided no information regarding any effort she has made to obtain counsel without the court's assistance. Absent reasonably diligent efforts to locate counsel, which at a minimum requires speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement,[17] appointment is not proper.

Moreover, based on the pleadings, the merits appear weak given that Plaintiff has not alleged that she exhausted administrative remedies before filing suit.[18] Exhaustion of administrative remedies is a precondition to seeking judicial relief for a disability, race, color, or sex discrimination claim.[19] Only after a final action or decision by the employing agency does the complainant have the right to file a civil action in federal district court within 90 days of the receipt of the final agency decision, or 180 days after the filing of the complaint of discrimination.[20] As Plaintiff fails to indicate that she has exhausted her administrative remedies, i.e., the pre-complaint processing required for claims under § 2000e-16 and § 791, as required by § 794a(a)(1), she would not be entitled to judicial relief.[21] Appointment of counsel is thus not justified.

---

[15] *Paskauskiene,* 527 F. App'x at 333 (citing *Gonzalez*, 907 F.2d at 580).

[16] *See Harris v. Sullivan*, 50 F.3d 1032 (5th Cir. 1995) (per curiam) (finding plaintiff seeking appointment of counsel for Title VII claim had "not shown that he is financial unable to retain counsel" considering his financial affidavit in support of his motion to proceed IFP); *see also Williams v. Entergy Servs. LLC*, No. 23-1645, 2024 WL 2178546, at *2 (M.D. La. Jan. 2, 2024) (considering plaintiff's IFP denial due to "significant current income and the stated value of her assets" in determining her financial ability to retain counsel).

[17] *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999) (citing *Caston*, 556 F.2d at 1309); *see also Smith v. Baton Rouge Radiology Grp.*, No. 12-400, 2013 WL 3246142, at *2 (M.D. La. June 24, 2013) (plaintiff failed to make diligent effort to obtain counsel where she contacted several attorneys, but failed to "state whether or not she had inquired about the possibility of a contingency fee agreement with any attorney").

[18] "Both Title VII and the Rehabilitation Act require an employee to exhaust all administrative remedies before filing suit in federal court." *Burke*, 8 F.3d 21 (citing *Prewitt*, 662 F.2d at 304; *Brown v. GSA*, 425 U.S. 820, 832 (1976)); *see also Brocato*, 2014 WL 21200081, at *4 (quoting *Prewitt*, 662 F.2d at 304).

[19] *See Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *Brocato*, 2014 WL 2120081, at *4 (citing 29 C.F.R. § 1614.105(a), (d)).

[20] *Brocato*, 2014 WL 2120081, at *5.

[21] *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) ("the [exhaustion of administrative remedies] doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969))).

### III.  CONCLUSION

Plaintiff has failed to establish that appointment of counsel is proper under either § 1915 or Title VII.  Should circumstances change and Plaintiff demonstrates that appointment of counsel is justified, she may file a request at that time.  At this time, however, based on this record, appointment of counsel is not proper.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel is DENIED WITHOUT PREJUDICE as stated herein.

New Orleans, Louisiana, this __22nd__ day of May, 2025.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE
