UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANITRA O. GILMORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1438** |
| **MICHAEL KERNAN** | **SECTION: "P" (2)** |

### ORDER AND REASONS

Before the Court are a Motion to Dismiss filed by Defendant, Michael Kernan[1] and a Motion for Trial by Jury filed by Plaintiff, Anitra Gilmore.[2] For the reasons that follow, **IT IS ORDERED** that the Defendant's Motion to Dismiss is **GRANTED,** and this action is **DISMISSED WITHOUT PREJUDICE.** Accordingly, Plaintiff's Motion for Trial by Jury is **DENIED AS MOOT.**

### I.  BACKGROUND

Gilmore is an employee of the United States Postal Service ("USPS"),[3] and Kernan is a Postmaster for USPS in Hahnville, Louisiana.[4] Kernan was Gilmore's supervisor from 2022 until September 2023 while Gilmore worked in Hahnville, until Gilmore left to work at a different USPS location.[5]

In May 2024, Gilmore filed a petition against Kernan in Louisiana state court in St. Tammany Parish, seeking "protection from stalking or sexual assault."[6] In her petition, Gilmore alleges that Kernan caused her to suffer emotional distress, made references to her status as a disabled veteran, retaliated against her and "put her out of work," stalked her, and instructed other

---

[1] R. Doc. 7.
[2] R. Doc. 15.
[3] R. Doc. 7-2 at 1.
[4] *Id.*
[5] R. Doc. 7-4.
[6] R. Doc. 2-1 at 4-5.

Postmasters to prevent Gilmore from working.[7] Gilmore's petition makes a number of allegations that accuse Kernan of acting inappropriately when supervising her including, *inter alia*, invading her personal space, inappropriately questioning her medical documentation, inappropriately requesting her time card, and generally exerting power over her in an inappropriate manner.[8] Gilmore, who may sometimes work "temporarily in other offices" and in offices "where there aren't any cameras,"[9] seeks an order requiring Kernan to "stay away from [Gilmore's] place of employment . . . and not to interfere with any such employment."[10]

After a hearing date had been set before the Domestic Violence Commissioner for the 22nd Judicial District Court in St. Tammany Parish, Kernan removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute.[11] Notwithstanding Kernan's removal of this action to federal court, which deprived the state court of jurisdiction,[12] the St. Tammany Parish Domestic Violence Commissioner nonetheless held a hearing and found that Gilmore's filing was "frivolous."[13]

Thereafter, Kernan filed the instant motion to dismiss for lack of subject matter jurisdiction, arguing that the doctrine of sovereign immunity deprives this Court of subject matter jurisdiction.[14]

---

[7] *Id.*
[8] *Id*.
[9] *Id*.
[10] R. Doc. 2-1.
[11] R.Doc. 2.
[12] Once a notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). "The state court 'los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void.'" *Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57, 63-64 (2020) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)).
[13] R. Doc. 6-1 at 18. Furthermore, the Commissioner noted, "This is a personnel matter and dispute involving the U.S. Postal Service, a federal entity. Based on a review of the factual allegations of the pleadings alone, this court determines that there is no basis in law or in fact to have brought this matter in state protective order court, thus this matter is dismissed without prejudice and all costs assessed to petitioner. Also this matter has been removed to federal court." *Id.*
[14] R. Doc. 7-2.

Gilmore has not filed an opposition to the motion to dismiss, but, as noted above, subsequently filed a "Motion for Trial by Jury."[15]

## II. LEGAL STANDARD

Federal courts are courts of "limited jurisdiction."[16] They possess only that power authorized by Article III of the Constitution and the statutes enacted by Congress.[17] A federal district court must always verify it has subject matter jurisdiction over an action before considering its merits.[18] Federal Rule of Civil Procedure 12(b)(1) provides an avenue for a party to move to dismiss an action for lack of subject matter jurisdiction. In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may evaluate "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[19] The party asserting federal subject matter jurisdiction has the burden of proving jurisdiction exists.[20]

## III. LAW AND ANALYSIS

### A. Sovereign immunity bars this suit.

The United States is a sovereign and cannot be sued without its consent.[21] "Sovereign immunity is jurisdictional in nature,"[22] meaning that, in the absence of an express waiver of sovereign immunity by the United States, a district court lacks jurisdiction to preside over a suit against the United States.[23] Sovereign immunity extends to officers of the United States when

---

[15] R. Doc. 15.
[16] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Exxon Mobil Corp v. Allapattah Servs., Inc.*¸ 545 U.S. 546, 552 (2005).
[17] *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).
[18] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[19] *Id.* at 161 (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).
[20] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182-83 (1936)).
[21] *Block v. North Dakota*¸ 461 U.S. 273, 287 (1983).
[22] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).
[23] *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998).

acting "in pursuit of their official duties,"[24] so official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."[25] Thus, a suit against a federal officer in his official capacity is treated as a suit against the United States and is barred by sovereign immunity absent an express waiver.[26]

It is uncontested that Gilmore's allegations arise out of Kernan's alleged actions while working in his official capacity as a supervising postal worker.[27] Because a postal worker like Kernan acts as an officer of the United States or an agency thereof,[28] Gilmore's suit must be treated as one against the USPS, and it can only be maintained if a waiver of sovereign immunity has occurred.[29] Under the facts of this case, there are only two possible grounds for a waiver of sovereign immunity: (1) the Federal Torts Claim Act ("FTCA") or (2) the Postal Reorganization Act of 1970 ("PRA").[30]

First, the FTCA waives sovereign immunity for tortious acts of federal employees working within the scope of their federal employment.[31] Notably, however, the FTCA only applies to suits seeking money damages,[32] and Gilmore's petition seeks a protective order—a form of injunctive relief, not money damages.[33] Because Gilmore's action does not arise under the FTCA, the FTCA cannot waive sovereign immunity for Gilmore's action.

---

[24] *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380 (5th Cir. 1987).
[25] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)) (internal quotation marks omitted).
[26] *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010).
[27] R. Doc. 7-4.
[28] *Mesa v. California*, 489 U.S. 121, 125 (1989).
[29] *See Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014).
[30] *Id.*
[31] 28 U.S.C. § 1346(b)(1); 39 U.S.C. § 409(c).
[32] 28 U.S.C. § 1346(b)(1).
[33] R. Doc. 2-1.

Second, the Postal Reorganization Act of 1970 ("PRA") allows the Post Office to "sue and be sued in its official name."[34] So-called "sue and be sued" clauses are broad waivers of immunity, but they do not waive sovereign immunity in all circumstances, including: (1) lawsuits that are "not consistent with the statutory or constitutional scheme"; (2) when "necessary to avoid grave interference with the performance of a governmental function"; or (3) for other reasons that demonstrate congressional intent to apply the sue and be sued clause narrowly.[35] Under similar facts, the Fourth Circuit found that the first two exceptions applied, reasoning that a USPS employee's restraining order against a supervisor (a state-law remedy) would undermine federal supremacy and impermissibly interfere with USPS's internal functions.[36] Thus, the Fourth Circuit dismissed the case for lack of subject matter jurisdiction because the federal government had not waived its sovereign immunity to permit such claims.[37]

Gilmore seeks an injunction that would bar Kernan from working near her, a state-law remedy that would constitute a significant state-law intrusion into the USPS's operations.[38] "It is inconsistent with the principle of federal supremacy to allow such interference with the performance of a federal employee's duties."[39] Moreover, an order, of the type requested by Gilmore—in this context, essentially an order that would prohibit or restrict the manner in which the USPS performs its functions—would impair and interfere with the governmental functions of the USPS, which cannot have been the Congressional intent behind the sue and be sued clause in the PRA.[40] Because the PRA, like the FTCA, fails to provide Gilmore with a waiver of sovereign

---

[34] *See* 39 U.S.C. § 401(1).
[35] *Hendy*, 555 F. App'x at 226 (quoting *Loeffler v. Frank*, 486 U.S. 549, 554-55 (1988)).
[36] *Id.*
[37] *Id.*
[38] *See id.*
[39] *See id.*; *see also Cui v. United States*, No. 22-470 c/w 22-472, 2022 WL 2664348, at *4 (E.D. La. July 9, 2022).
[40] *See Hendy*, 555 F. App'x at 226 ("[I]n prohibiting a federal employee from entering [the employee's] federal workplace, waiving sovereign immunity would disturb the federal agency's internal functions. This could not have been Congress's intent.").

5

immunity in this case, her action is barred by the doctrine of sovereign immunity and must be dismissed for a lack of subject matter jurisdiction.[41]

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** Defendant Michael Kernan's Motion to Dismiss (R. Doc. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiff Anitra Gilmore's claims are **DISMISSED WITHOUT PREJUDICE.** [42]

**IT IS FURTHER ORDERED** that Plaintiff Anitra Gilmore's Motion for Trial by Jury (R. Doc. 15) is **DENIED AS MOOT.**

New Orleans, Louisiana, this 28th day of July 2025.

   _____
   **DARREL JAMES PAPILLION**
   **UNITED STATES DISTRICT JUDGE**

---

[41] Gilmore may still have other options to pursue her claims. *See generally Perkins v. Piggee*, No. 4:20 CV 1109 DDN, 2020 WL 8167492, at *3-4 (E.D. Mo. Dec. 16, 2020), *report and recommendation adopted*, 2021 WL 131146. Specifically, Title VII of the Civil Rights Act provides the exclusive remedy for harassment based on a protected characteristic or retaliation occurring in the federal workplace. *See* 42 U.S.C. § 2000e-16(c). But Title VII requires plaintiffs to timely file a complaint with the Equal Employment Opportunity Commission ("EEOC"), or with a state or local agency, and exhaust available administrative remedies before bringing a lawsuit in federal court. 42 U.S.C. § 2000e-5(e)(1). Exhaustion occurs when a complaint is timely filed with the EEOC, the EEOC denies the claim, and the EEOC provides notice of the complainant's right to sue in federal court. *Bagget v. Oncor Elec. Delivery Co.*, No. 3:17-3136-S, 2018 WL 10455934, at *3 (N.D. Tex. June 19, 2018) (citing *Taylor v. Books A Million Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)). Further, Gilmore's claims may potentially be cognizable under the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7501, *et seq.* Relief under the CSRA is restricted to "[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board [("MSPB")]. 5 U.S.C. § 7703(a)(1); *see also Perkins*, 2020 WL 8167492, at *4. The CSRA "provides an exclusive remedy for federal employee grievances and disputes arising out of federal employment." *Perkins*, 2020 WL 8167492, at *4 (citing *Bush v. Lucas*, 462 U.S. 367, 385-88 (1983)). Because Gilmore has not exhausted her administrative remedies as required, this Court lacks authority to address her claims for injunctive relief.

[42] *See, e.g., Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018) ("The district court was without jurisdiction over [plaintiff's] FTCA claims; thus, it was without authority to dismiss the claims with prejudice.").